# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **SANDOR MALNAI** | * | **CIVIL ACTION NO. 05-2239** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by Petitioner Sandor Malnai ("Malnai") on December 22, 2005. The Government has filed a response to Malnai's petition. (Document No. 7). For reasons stated below, it is recommended that Malnai's petition be **DISMISSED without prejudice.**

## BACKGROUND

Malnai, a native and citizen of Hungary, entered the United States at an unknown location on April 22, 1987. During his stay in the United States, Malnai was convicted of possession of methamphetamine and marijuana, and was sentenced to prison. After learning of Malnai's whereabouts, the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service, instituted removal proceedings pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). On April 13, 2005, a final removal order was entered against Malnai, and he was taken into ICE custody on May 18, 2005, where he currently remains.

In his petition, Malnai's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Malnai, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Malnai has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has provided credible information indicating that travel documents, which had been mistakenly sent earlier to Malnai rather than ICE, will be reissued upon receipt of a money order. The Government estimates that Malnai's removal will be executed within the next two months. This imminent issuance of travel documents demonstrates that Malnai will be removed in the reasonably foreseeable future, and Malnai has failed to provide good reason to believe otherwise. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Habeas\05-2239.050306.rr2.klh.frm